[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION: MOTION FOR SUMMARY JUDGMENT
The plaintiffs, Herbert and Beatrice Gershberg, brought a fifteen count complaint sounding in misrepresentation, nondisclosure, negligence, and a violation of the Connecticut Unfair Trade Practices Act, Connecticut General Statutes § 42-110b et seq. (CUTPA), against the defendant, Glenna Frederica Kean.[1]
The plaintiffs allege the following pertinent facts in their revised complaint. On August 14, 1997, the defendant, in her capacity as executrix of the will of her mother, Lillian Patricia Lewis (Lewis), entered into a real estate purchase and sales agreement (the agreement) with the plaintiffs to sell them a condominium unit (the unit) located in the Landsdowne Condominiums of Westport, Connecticut. Section 9(B) of the agreement contains a clause that disclaims the liability of the defendant for any representations made. It states that: "Neither the Seller, nor any representative of the Seller, has made any representation upon which the Buyer relies as to the make, quality, value, condition or other matter relating to the premise including any building, system, fixture or appliance located thereon, except as otherwise expressly set forth." (The disclaimer clause).
Prior to the closing of the unit, the defendant misrepresented that the unit did not contain any wetlands, that the unit did not have any sewage or air conditioning problems and that the unit was a safe and lovely place to live. The defendant also failed to disclose numerous pieces of information, most importantly that the unit was developed upon an abandoned landfill, that the unit was plagued by a foul odor, that the unit was modified for the purposes of containing and suppressing the odor CT Page 7349 (collectively, the landfill problems). On September 12, 1997, the purchase and sale of the unit closed. The plaintiffs moved into the unit on April 14, 1998.
After the plaintiffs took occupancy of the unit, they became aware of a foul odor emanating from a bathroom in the unit and subsequently, became ill. Their illness was and is caused by exposure to indoor air pollution at the unit which includes the aforementioned foul odor as well as other air pollutants. Since June 15, 1998, the plaintiffs have been treated by physicians for personal injuries resulting from exposure to the air inside the unit. Subsequently, the plaintiffs learned that their unit was located adjacent to a landfill located under the lawn of the Landsdowne Condominiums. As a result, the entire condominium complex is undergoing environmental investigation. The plaintiffs subsequently brought this action against the defendant.
The defendant moves for summary judgment as to the first count sounding in misrepresentation and nondisclosure, and the fifth count sounding in negligent misrepresentation and negligent nondisclosure on the ground that there is no genuine issue of material fact because the agreement contains a disclaimer clause that disclaims the liability of the defendant for any representations made. The defendant also moves for summary judgment as to the third count sounding in a CUTPA violation on the ground that there is no genuine issue of material fact that the defendant as a one time seller of real estate could not commit a CUTPA violation.
"Practice Book [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . . A material fact . . . [is] a fact which will make a difference in the result of the case." (Brackets in original, citations omitted; internal quotation marks omitted.) H.O.R.S.E. of Connecticut,Inc. v. Washington, 258 Conn. 553, 558-59, 783 A.2d 993 (2001).
 I.
As a preliminary matter, it is necessary to clarify that the CT Page 7350 plaintiffs' cause of action in the first count of their revised complaint sounds in nondisclosure and innocent misrepresentation. The elements of an innocent misrepresentation claim are "(1) a representation of material fact (2) made for the purpose of inducing a purchase, (3) the representation is untrue, and (4) there is justifiable reliance by the plaintiff on the representation by the defendant and (5) damages." Maytasv. Minck, 37 Conn. App. 321, 333, 655 A.2d 1155 (1995); Frimberger v.Anzellotti, 25 Conn. App. 401, 410, 594 A.2d 1029 (1991). The first count is labeled "Misrepresentation and non-disclosure against defendant Kean." It is alleged that the defendant misrepresented that the unit did not contain any wetlands, that the unit did not have any sewage or air conditioning problems and that the unit was a safe and lovely place to live. The court finds that these allegations of misrepresentation in the first count amount to a claim for innocent misrepresentation.
The defendant argues that summary judgment is warranted as to the first count sounding in innocent misrepresentation and nondisclosure because the contract contains a disclaimer clause, which protects the defendant from liability for innocent misrepresentation. The defendant relies onGibson v. Capano, 241 Conn. 725, 699 A.2d 68 (1997); for such a proposition. The defendant argues that according to the agreement, the plaintiffs agreed that they had examined the unit, that they were fully satisfied with the physical condition thereof[2] and that neither the seller nor representative of the seller made any representation or promise on which the purchaser relied concerning the condition of the unit. In response, the plaintiffs argue that Gibson is factually different and is not controlling because the plaintiffs did not know of the wetland and landfill problems whereas in Gibson the plaintiffs had actual knowledge of the seller's innocent misrepresentation.
"In Connecticut, a claim of innocent misrepresentation . . . is based on principles of warranty, and . . . is not confined to contracts for the sale of goods. . . . A person is subject to liability for an innocent misrepresentation if in a sale, rental or exchange transaction with another, [he or she] makes a representation of a material fact for the purpose of inducing the other to act or to refrain from acting in reliance upon it . . . even though it is not made fraudulently or negligently. [The Connecticut Supreme Court has] held that an innocent misrepresentation is actionable, even though there [is] no allegation of fraud or bad faith, because it [is] false and misleading, in analogy to the right of a vendee to elect to retain goods which are not as warranted, and to recover damages for the breach of warranty." (Citations omitted; internal quotation marks omitted.) Gibson v. Capano, supra, 241 Conn. 730.
The resolution of the plaintiffs' innocent misrepresentation claim in count one is guided by the general principles governing the construction CT Page 7351 of contracts according to the Gibson Court. Id. In Gibson, the plaintiffs bought a house and subsequently sued the sellers on a theory of innocent misrepresentation. They argued that they were induced into entering the sales contract by the seller's misrepresentations, and thus the disclaimer clauses in the contract did not preclude their innocent misrepresentation claim. The Gibson Court disagreed. The Court found the plaintiffs' argument to be fruitless because the plaintiffs had the house treated for infestation and the plaintiffs' inspection revealed that the premises had been infested and chemically treated. Id., 734. Even the seller admitted to the buyer that the house previously had been infested, that there was some damage, and that the house had been professionally treated. Id.
The controlling issue before the Connecticut Supreme Court in Gibson
was the effect of the written disclaimer accompanied with the plaintiffs' actual knowledge. Gibson commented that "a party who purchases property "as is' could not thereafter maintain a claim based on an alleged nondisclosure of known facts. (Emphasis added.) Id., 733. For these reasons, the plaintiffs' innocent misrepresentation claim failed inGibson. The Court concluded that "[d]espite their actual knowledge of the property's prior condition, the plaintiffs agreed to the clause in paragraph six of the contract that disclaimed their reliance on representations made by the defendants. . . . [T]he plaintiffs cannot now argue that they were induced to agree to the clause as a result of the defendants' misrepresentation." (Citations omitted; internal quotation marks omitted.) Id., 734.
The case at bar is factually different from Gibson in that the plaintiffs did not have any knowledge of the wetlands or landfill problems. "Just as the parties to a contract for the sale of goods are free to disclaim warranties . . . the parties to a contract for the sale of real property are free to disclaim responsibility for known
environmental risks. Indeed, the agreed upon contract price for the property typically reflects an allocation of the known risks that attend the ownership of property." (Emphasis added; internal quotation marks omitted.) Id., 731. In the case at bar, the defendant has not put forth any evidence showing that the plaintiffs had actual knowledge that the unit contained any wetlands, that the unit did not have any sewage or air conditioning problems or that the unit had landfill problems. For this reason, Gibson is factually different and its holding is not determinative to the case at bar. Summary judgment cannot be granted according to the holding of Gibson. See also Khan v. Danse, Superior Court, judicial district of New London, Docket No. 542447 (December 18, 1998, Mihalakos, J.) (summary judgment denied as to a claim for fraudulent misrepresentation because a question of material fact as to whether the plaintiffs were aware of the defects which the "as is CT Page 7352 contract covered.)
Instead, the court holds that there exist questions of material facts as to whether the defendant made a misrepresentation by stating that the property did not contain any wetlands, and that the unit was a safe place to live. The plaintiffs have put forth evidence that the unit does contain wetlands. Furthermore, the Westport Conservation Commission was conducting proceedings to alleviate the adverse environmental conditions associated with the unit and adjoining units. The plaintiffs have has also established that the unit is not a safe place to live. The plaintiffs have alleged that the plaintiffs became ill due to exposure to the air inside the unit and that they have been treated by physicians for personal injuries resulting from exposure to the air inside the unit. The plaintiffs have also evidenced that the defendant did not disclose that the unit was located on a landfill. The plaintiff Beatrice Gershberg's affidavit attests that she was never informed by the defendant that the unit and surrounding units was developed upon a landfill. The court finds that the plaintiffs' evidence has established that there is a genuine issue of material fact as to whether the defendant has committed an act of misrepresentation and nondisclosure and summary judgment is denied as to the first count.
 II.
The plaintiffs' fifth count is a cause of action sounding in negligent nondisclosure and negligent misrepresentation. The court will examine the negligent misrepresentation claim first. The Connecticut Supreme Court "has long recognized liability for negligent misrepresentation." (Internal quotation marks omitted.) Williams Ford, Inc. v. HartfordCourant Co., 232 Conn. 559, 575, 657 A.2d 212 (1995). "[E]ven an innocent misrepresentation of fact may be actionable [as negligent misrepresentation] if the declarant has the means of knowing, ought to know, or has the duty of knowing the truth. . . . One who, in the course of his business, profession or employment . . . supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information." (Citations omitted; internal quotation marks omitted.)Craine v. Trinity College, 259 Conn. 625, 660-61, 791 A.2d 518 (2002).
In this case, the court recognizes that the plaintiffs have established evidence that the defendant did have the means of knowing and she knew or ought to have known that the unit was located within the wetlands. Lewis purchased the unit in 1984 and died on March 10, 1997. The defendant was appointed executrix of Lewis' estate on March 19, 1997. The minutes of the CT Page 7353 Landsdowne Condominium Association Board of Directors (the LCABD) for dates when Lewis owned the unit and for dates when the defendant owned the unit indicate that the Westport Conservation Commission was conducting proceedings to alleviate the adverse environmental conditions concerning the wetlands on the Landsdowne Condominiums and landfill problems associated with the unit and adjoining units. At one of the proceedings, Jeffrey Rock, the president of the Lansdowne Condominium Association testified that unit owners received notices of the upcoming minutes of the LCABD along with copies of the previous LCABD meeting. The court concludes that the defendant either knew or had the means of knowing that the unit contained wetlands and landfill problems.
The plaintiffs have furthermore established that the defendant misrepresented information when she knew or should have known that the unit contained wetlands. The defendant provided a "Residential Property Condition Disclosure Report" (report) to the plaintiffs stating that the unit is not in an area containing wetlands. However, the Westport Conservation Commission was investigating the wetlands located amongst the unit and adjoining units. As such, the plaintiffs have established a genuine issue of material fact as to whether the defendant negligently misrepresented that the unit contained wetlands.
As to the allegation of negligent nondisclosure in the fifth count, as a preliminary matter, the court clarifies that the plaintiffs' fifth count regarding negligent nondisclosure amounts to a negligent misrepresentation claim based on the defendant's failure to speak. "[A] claim for negligent misrepresentation may be based on a defendant's failure to speak when he has a duty to do so." Brouillard v. UnitedIlluminating Co., Superior Court, judicial district of New Haven, Docket No. 418595 (June 1, 1999, Silbert, J.); Faillace v. Soderholm, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 322549 (October 27, 1997, Melville, J), citing, DePasguale v. Day. Berry Howard, Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 450218 (March 31, 1994, Berger, J.).
In this case, the court recognizes that the plaintiff has established evidence that the defendant did have a duty to disclose the landfill problems. The defendant had a contractual duty to disclose to the plaintiffs the information contained in the minutes of the LCABD meetings. Paragraph two of the agreement provides as follows: "The Seller has no knowledge and has not been notified within the last six months, of any zoning or other municipal hearing affecting the subject premises and agrees to immediately notify the Buyer or their attorney of any such notification received between the date of the execution of this contract and the closing of title." The court has already concluded that the defendant either knew or should have known about the LCABD meetings CT Page 7354 concerned adverse environmental conditions concerning the wetlands on the Landsdowne Condominiums and landfill problems associated with the unit and adjoining units. Therefore, the court concludes that the defendant had a duty to disclose to the plaintiffs these problems.
Given that the court has found that the defendant had a duty to notify the plaintiffs, there is a genuine issue of material fact as to whether the defendant failed to notify the plaintiffs of the existence of the landfill under the unit. The plaintiff Beatrice Gershberg's affidavit attests that she was never informed by the defendant that the unit and surrounding units was developed upon a landfill. Furthermore, the plaintiffs have put forth evidence that the defendant made interior modficiations to the stall shower for the purpose of containing and suppressing the odor emanating from the landfill problems. The defendant has failed to carry its burden of refuting these genuine issues of material fact and for this reason, summary judgment as to the fifth count involving negligent misrepresentation and negligent nondisclosure is not warranted.
 III.
The defendant argues that summary judgment is warranted as to the third count because a single sale of a condominium does not constitute a general trade practice under CUTPA. In response, the plaintiffs rely on a line of cases that have construed CUTPA liberally to find it should include causes of action for the one time sale of houses by persons not engaged in the trade or business of selling houses. See Holeva v. MZAssociates, Superior Court, judicial district of New Haven, Docket No. 098403 (November 9, 1998, Levin, J.) (23 Conn.L.Rptr. 601); Lovick v.Nigro, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 542473 (February 24, 1997, Lager, J.); Horowitz v.Cottle, Superior Court, judicial district of New Haven, Docket No. 044378 (July 9, 1992, Vertefeullie, J). The court disagrees with the plaintiffs and instead relies on a line of cases holding to the contrary.
"In order to allege a CUTPA violation properly, the plaintiff must allege, inter alia, that the acts complained of were performed in a `trade or business.'" Pergament v. Green, 32 Conn. App. 644, 655,630 A.2d 615, cert. denied, 228 Conn. 903, 634 A.2d 296 (1993); Quimbyv. Kimberly Clark Corporation, 28 Conn. App. 660, 669, 613 A.2d 838
(1992); see General Statutes § 42-110b. The Connecticut Superior Courts are split over whether a one time sale of real estate falls under the purview of CUTPA when the seller is not in the business of doing so. The court agrees with those Connecticut Superior Court decisions that have held that "an isolated private sale of real estate by one not in the business of doing so, is not encompassed within the trade or commerce CT Page 7355 language of the CUTPA statute § 42-110b." (Internal quotation marks omitted.) Piantidosi v. MacGarvey, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 174606 (May 25, 2000, D'Andrea,J.T.R.) (27 Conn.L.Rptr. 425); Boyce v. Canby, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 153623 (February 17, 1998, Lewis, J.); Pape v. Goldbach, Superior Court, judicial district of Waterbury at Waterbury, Docket No. 150578 (January 5, 2000,Pellegrino, J.).
Here, the plaintiffs have not put forth evidence that the defendant was engaged in the business of selling real estate. They have, therefore, failed to establish a genuine issue of material fact. Furthermore, the court concludes that the one time sale of the unit by the defendant does not constitute a violation of CUTPA. Accordingly, the defendant is entitled to summary judgment as a matter of law as to the third count.
In summary, the defendant's motion for summary judgment as to the first and fifth counts is denied, and as to the third count, is granted.
So Ordered.
D'ANDREA, J.